IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ROSETTA WILLIAMS, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.: 1:24-cv-00073-ACL** |
| | ) | |
| **DYLAN STEVENS, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT PETITION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENTAND MINOR SETTLEMENT

COME NOW Plaintiffs Rosetta Williams, and D.W. by and through Next Friend, Andrea Covington, ("Plaintiffs"), by and through their undersigned counsel, and Defendants Dylan Stevens, Terry Elmore, and the City of Hayti ("Defendants"), by and through their undersigned counsel, and for their Joint Petition for Approval of Wrongful Death Settlement and Minor Settlement, state as follows to the Court:

1. Plaintiffs filed their original Complaint on April 12, 2024, against Defendants Dylan Stevens, Terry Elmore, and the City of Hayti, wherein Plaintiffs alleged claims arising from the wrongful death and deprivation of constitutional rights of Decedent, Damarcus Williams, which occurred on or about September 5, 2021, in Hayti, Missouri.

2. Plaintiffs' above-referenced claims against Defendants arise under the laws of the United States of America and under the laws of the State of Missouri.

3. At all relevant times, Rosetta Williams was the mother of the Decedent, Damarcus Williams.

4. At all relevant times, D.W., a minor, is and was the daughter of Decedent, Damarcus Williams.

5. On May 21, 2024, this Court appointed Andrea Covington as Next Friend for Minor Child, D.W., to prosecute the Minor's interests in this litigation.

6. Pursuant to RSMo. § 537.080, Missouri's Wrongful Death statute, Rosetta Williams and D.W. are Class (1) survivors and beneficiaries of Decedent.

7. Plaintiffs know of no other persons who belong to the first class of survivors under the statute, nor who could join in Plaintiffs' claims against Defendants.

8. Defendants have denied, do deny, and continue to deny the material claims which Plaintiffs have alleged against Defendants as arising from the subject occurrence.

9. In lieu of litigation, Plaintiffs and Defendants have reached a compromise agreement to resolve all claims for the total sum of $500,000.00, subject to the approval of this Court and only upon condition of such approval.

10. The Parties request that the specific settlement allocation and distribution be approved by the Court, with the detailed breakdown as follows:

   a. $157,229.42 made payable to Mutual of Omaha Structured Settlement Company in payment of the structured settlement annuity for the sole benefit of minor, D.W.;

   b. $104,819.61 payable to Rosetta Williams;

   c. $237,950.97 shall be paid to The Meador Law Firm, L.L.C. for attorney's fees and expenses, and The Meador Law Firm, L.L.C. shall thereafter disburse the agreed-upon distributions to each co-counsel's office.

11. Defendants shall fund a structured settlement annuity for Minor D.W., through Mutual of Omaha Structured Settlement Company to fund a structured settlement for the benefit of

minor, D.W. The purchase shall be made by way of a qualified assignment according to Section 130 of the Tax Code.

12. The future payment amounts outlined in Section 1 of the Structured Settlement Addendum, Exhibit A to the Settlement Release, are guaranteed based upon a projected annuity purchase date of July 1, 2026. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the Settlement Agreement and Release, Qualified Assignment document, and Annuity Contract without the need to obtain an amended Petition and/or Court Order.

13. Plaintiffs' Rosetta Williams and D.W., by and through Next Friend, Andrea Covington, entered into a contract of employment with the attorneys of The Meador Law Firm, LLC, The Wilbers Law Firm, LLC, and Law Office of Robert N. Haferd, for a total contingent fee of forty (40) percent (%) of the next amount of all sums recovered with respect to this cause of action after reimbursement of expenses.  Said contract of employment was fair and reasonable and in reliance on said agreement, the attorneys of The Meador Law Firm, LLC, The Wilbers Law Firm, LLC, and Law Office of Robert N. Haferd invested substantial time and effort, performed valuable services for Plaintiffs, are entitled to receive said sum as reasonable attorneys' fees, and are entitled to be reimbursed for their litigation costs and expenses.  Plaintiffs hereby request that the Court approve said fee contract and order Plaintiffs to pay the attorneys' fee and expenses which have been reasonably incurred by the attorneys of The Meador Law Firm, LLC, The Wilbers Law Firm, LLC, and Law Office of Robert N. Haferd in connection with this matter.

14. All Parties agree this settlement and release encompasses any and all possible claims against Defendants for the death of DeMarcus Williams, whether arising under federal law or under Missouri's Wrongful Death Statute, RSMo. §537.080.

15. The Parties seek the Court's approval of this settlement and seek an Order awarding the Settlement Proceeds to be distributed to Rosetta Williams and to D.W., as set forth above, at a hearing to approve the settlement and to distribute the proceeds approved by the Court.

16. Plaintiffs further aver that they will dismiss with prejudice all claims and causes of action pending against the Defendants upon this Court's approval of said settlement and upon receipt of the approved settlement funds.

17. Plaintiffs agree to satisfy and pay out of the settlement proceeds any and all valid liens which have arisen out of the injuries and resulting death of DeMarcus Williams, whether incurred as a result of any medical care and treatment, funeral expenses, subrogation interests, or any other expenses attributable thereto, and have agreed to indemnify and hold harmless the Defendants from all such liens, claims, and expenses. Pursuant to Plaintiffs' investigation of same, Plaintiffs assert that they are aware of no existing liens, subrogation interests, or other claims of right arising out of the injuries to and death of DeMarcus Williams.

18. The Parties state that the settlement has been made and accepted with the understanding that it is for the purpose of compromise and settlement and that it is not an admission of liability on the part of the Defendants.

19. The Parties seek an Order of the Court (1) finding that the wrongful death and minor settlement was entered in good faith, (2) finding that entry of the settlement is in D.W.'s best interests, (3) approving the wrongful death and minor settlement pursuant to RSMo.

§537.095 and RSMo. § 537.060, and (4) ordering the distribution of the Parties' settlement as outlined herein.

WHEREFORE, Plaintiffs and Defendants pray for an Order from this Court approving the settlement and finding it to have been made in good faith and for any other relief this Court deems just and proper.

Respectfully submitted,
**THE MEADOR LAW FIRM, LLC**

/s/ Ambry N. Emanuel
Ambry N. Emanuel #66214 MO
212 S. Central Avenue, Suite 102
St. Louis, MO 63105
Tel.: (314) 669-7292
Ambry@meadorlawfirm.com
Attorney for Plaintiffs

**SPRADLING & SPRADLING**

/s/ A. M. Spradling , III
A. M. Spradling , III
1838 Broadway
P.O. Drawer 1119
Cape Girardeau, MO 63702-1119
T: 573-335-8296
F: 573-335-8525
Email: albert@spradlaw3.com
*Attorney For Defendants*